**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff(s),**    **CASE NUMBER: 10-20136
               HONORABLE VICTORIA A. ROBERTS**

**v.**

**SEAN TIMOTHY DONNELLY,**

    **Defendant(s).**
_____/

## ORDER

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This matter is before the Court on Defendant Sean Donnelly's "Motion to Dismiss Count One of the Indictment." (Doc. #19).

On May 18, 2010, the Court referred this motion to Magistrate Judge R. Steven Whalen for a Report and Recommendation ("R&R"). The Magistrate Judge heard oral argument on June 15, 2010.

On August 4, 2010, the Magistrate Judge filed an R&R, recommending that the Court DENY Donnelly's motion.

On August 25, 2010, the Court adopted the R&R, and denied Donnelly's motion, for failure to file objections within the time frame provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2).

Subsequently, the parties stipulated to extend the time to file objections. Donnelly then filed objections on August 25, 2010; the Government responded on August 26, 2010.

1

The Court's August 25, 2010 Order is **VACATED**, and the Court **ACCEPTS** Donnelly's objections.

For the following reasons, the Magistrate Judge's R&R is **ADOPTED**, and Donnelly's motion is **DENIED**.

## II.  BACKGROUND

On March 18, 2010, Donnelly made the following comment to a Chase Bank representative regarding a short sale he was attempting to negotiate:

> Now, either you guys want to play ball or you don't but I'm not going to speak with some idiot from Texas who can't be professional with me - for the last two months, it's so freaking ridiculous is - I'm ready to just - *I'm ready to fly an airplane into your building.*

(Emphasis added).

Count One of the Indictment alleges Donnelly made an Interstate Threat, in violation of 18 U.S.C. §875(c):

> Whoever transmits in interstate or foreign commerce any communication containing . . . any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

Donnelly says this count should be dismissed because his statement to the representative cannot be construed as a "true threat."  According to Donnelly, a reasonable person would not take his statement as a serious expression of intent to inflict bodily harm, nor would a reasonable person perceive that the statement was made to effect some change or achieve some goal through intimidation.  Donnelly says the statement was not an imminent threat; he was in Michigan and the representative was in Texas.  Finally, Donnelly says his statement is nothing more than a statement of frustration.

2

The Magistrate Judge recommends that Donnelly's motion be denied. He says: (1) Donnelly's statement cannot be construed as political hyperbole or protected speech; (2) the representative expressed concern several times; (3) the representative could have reasonably perceived Donnelly's statement as being communicated to effect some change or achieve some goal through intimidation; and (4) Donnelly's statement was made two weeks after a widely-publicized incident where an apparently disgruntled taxpayer crashed his airplane into an IRS building in Austin, Texas.

Donnelly objects. He says: (1) the representative did not express fear or concern; (2) a reasonable person in Texas would not perceive his statement as an imminent threat because he was in Michigan; (3) he denied that he was threatening the representative; and (4) his statement was merely a statement of frustration.

### III. APPLICABLE LAW AND ANALYSIS

The Government must prove three elements to support a conviction under §875(c): (1) a transmission in interstate commerce; (2) a communication containing a threat; and (3) the threat must be a threat to injure the person of another. *United States v. DeAndino*, 958 F.2d 146, 148 (6th Cir. 1992).

Donnelly only disputes the second element.

> [T]o constitute "a communication containing a threat" under Section 875(c), a communication must be such that a reasonable person (1) would take the statement as a serious expression of an intention to inflict bodily harm (the mens rea), and (2) would perceive such expression as being communicated to effect some change or achieve some goal through intimidation (the actus reus).

*United States v. Alkhabaz*, 104 F.3d 1492, 1495 (6th Cir. 1997). There is no imminency requirement. In addition, Donnelly's subjective intent is irrelevant: "a threat is not a

3

state of mind in the threatener; it is an appearance to the victim." *United States v. Cox*, 957 F.2d 264, 266 (6th Cir. 1992) (quoting *United States v. Holzer*, 816 F.2d 304, 310 (7th Cir. 1987)).

Based on the totality of the circumstances, the Court finds a reasonable person could take the statement as a serious expression of an intent to inflict bodily harm. This is especially true in light of the fact that Donnelly was frustrated with Chase Bank, and approximately two weeks before Donnelly spoke to the representative, an individual flew a single-engine airplane into an IRS building in Texas.

In addition, a reasonable person could perceive Donnelly's statement as being communicated to achieve his goal of negotiating a short sale, through intimidation.

**IV. CONCLUSION**

The Court **ADOPTS** the Magistrate Judge's R&R. Donnelly's motion is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 8, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 8, 2010.

s/Carol A. Pinegar
Deputy Clerk

4